**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS**
**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

| | | |
|---|---|---|
| SPARTAN CONCRETE PRODUCTS, LLC, | ) | |
| | ) | **CASE NO. _____ / 2015** |
| PLAINTIFF, | ) | |
| | ) | |
| v. | ) | |
| | ) | **COMPLAINT FOR ANTITRUST** |
| ARGOS USVI, CORP. f/k/a CARICEMENT | ) | **VIOLATION & DAMAGES** |
| USVI, CORP., | ) | |
| | ) | |
| DEFENDANT | ) | **TREBLE DAMAGES SOUGHT** |
| _____ | ) | |

**VERIFIED COMPLAINT**

**COMES NOW,** Plaintiff SPARTAN CONCRETE PRODUCTS, LLC ("Spartan"), by and through KELLERHALS FERGUSON KROBLIN PLLC, and hereby states and alleges as follows for its Verified Complaint against Argos USVI, Corp. f/k/a Caricement USVI Corp. ("Caricement")

**PARTIES**

1. Plaintiff Spartan is a limited liability company formed under the laws of the U.S. Virgin Islands, formerly doing business in St. Thomas, and currently doing business in St. Croix.

2. Defendant Caricement is, upon information and belief, a corporation incorporated in the U.S. Virgin Islands and doing business in the Virgin Islands as a monopoly wholesale supplier of cement on St. Thomas.

**JURISDICTION & VENUE**

3. This action is brought pursuant to the Robinson-Patman Act amendment to the Clayton Act ("Act"), 38 Stat. 730, as amended, 49 Stat. 1526, 15 U.S.C. § 13, and alleges distributor discounts in violation of § 2(a) of the Act, 15 U.S.C. § 13(a), over which this

Honorable Court has original and exclusive jurisdiction under 28 U.S.C. § 1337(a) and 15

U.S.C. §15(a).

4.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and 15 U.S.C. §§ 15 and

22  as St. Thomas is the judicial division in which the Defendant is located and/or is

doing business, where the action arose, where most all the witnesses are located, and

where the Defendant may be served.

## FACTS

5.  Defendant Caricement is a wholesale distributor of cement.

6.  Caricement was the sole wholesale distributor of cement on St. Thomas in 2010.

7.  Caricement was the sole wholesale distributor of cement on St. Thomas in 2011.

8.  Caricement was the sole wholesale distributor of cement on St. Thomas in 2012.

9.  Caricement was the sole wholesale distributor of cement on St. Thomas in 2013.

10. In 2010, Caricement sold cement in St. Thomas primarily if not solely to St. Thomas

Concrete, Heavy Materials, and Spartan.

11. In 2011, Caricement sold cement in St. Thomas primarily if not solely to Heavy Materials

and Spartan.

12. In 2012, Caricement sold cement in St. Thomas primarily if not solely to Heavy Materials

and Spartan.

13. In 2013, Caricement sold cement in St. Thomas primarily if not solely to Heavy Materials

and Spartan.

14. From 2010 to 2013, Caricement provided Heavy Materials a substantial volume discount

in its purchases, which, according to Caricement, averaged around approximately ten

percent (10%) on all purchases.  Attached is Caricement's chart supporting the foregoing.

**EXHIBIT A**.

15. Despite Spartan's requests for equal pricing, Caricement refused.

16. Caricement's substantial price discount to Heavy Materials caused Spartan not to be able to compete with Heavy Materials in St. Thomas, and ultimately put Spartan out of business in St. Thomas.

## COUNT I:  VIOLATION OF SECTION 2(a) OF THE ROBINSON-PATMAN ACT

17. Plaintiff restates and re-alleges the foregoing paragraphs as if set forth herein.

18. Caricement sold cement to both Heavy Materials and Spartan in St. Thomas, U.S. Virgin Islands which is a Territory of the United States.

19. The aforementioned sales constitutes commerce under section 2(a) as defined by 15 U.S.C. § 12(a).

20. The cement sold to Plaintiff was cement type "general use" and was of the same grade and quality as that sold to Heavy Materials.

21. From 2010 to 2013 Caricement sold cement in St. Thomas to Heavy Materials at approximately ten percent (10%) less the price than the cement it sold to Spartan over the same period of time.

22. The price paid by Spartan to Caricement for cement in St. Thomas was substantially more than the price paid by Heavy Materials.

23. The price discrimination was unfair and not justified by any actual cost savings.

24. The aforementioned price discrimination threatened to and did in fact cause an injury to competition as Heavy Materials only competitor, Spartan, was ultimately driven out of the retail market, and St. Thomas was left with a single monopolist retail cement supplier,

Heavy Materials, as a result. Accordingly, consumers of cement in St. Thomas had less

options as a result of Caricement's unfair price discrimination.

25. The loss in sales and profits over the years caused Spartan to sustain damages in an

amount to be shown at trial.

26. The unfair price discrimination caused Spartan to cease doing business, lose further

profits, and incur other damages in an amount to be shown at trial.

27. Plaintiff is entitled to an award of treble damages.


**WHEREFORE**, Plaintiff demands judgment against the Defendant for all statutory,

compensatory, contractual, and consequential damages as appropriate in an amount according to

the proof at the time of trial including treble damages and an award of costs, attorneys' fees, and

interest.


Respectfully,


Dated: January 23, 2015                          */s/ Christopher Allen Kroblin*
                                                                 **CHRISTOPHER ALLEN KROBLIN, ESQ.**
                                                                 VI Bar Nos. 966
                                                                 Kellerhals Ferguson Kroblin PLLC
                                                                 9100 Port of Sale Mall, Suite 15
                                                                 St. Thomas, VI 00802-3602
                                                                 Telephone: (340) 779-2564
                                                                 Direct Dial: (340) 201-0955
                                                                 Facsimile: (888) 316-9269
                                                                 Email: ckroblin@kellfer.com

*Spartan v. Caricement*
Complaint

Case No. _____ / 2015
Page 5

## VERIFICATION

I, Michael Pede verify under the penalty of perjury, under the laws of the United States of America, that the following is true and correct:

1. I am an ~~officer~~ agent of the Plaintiff in the above captioned matter.

2. I have read the Complaint and know the contents therein to be true to my knowledge and belief.

Dated 1/21/15

_____
Michael Pede