DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

|  |  |  |
|---|---|---|
| SPARTAN CONCRETE PRODUCTS, LLC, | ) ) ) | |
| Plaintiff, | ) ) | Crim. No. 2015-4 |
| v. | ) ) | |
| ARGOS USVI, CORP. f/k/a CARICEMENT USVI, CORP., | ) ) ) ) | |
| Defendant. | ) ) ) | |

**Appearances:**

**Christopher Allen Kroblin**
**Marjorie B. Whalen**
Kellerhals Ferguson Kroblin PLLC
St. Thomas, U.S.V.I.
 *For Spartan Concrete Products, LLC,*

**Bennett Chan**
The Law Offices of Bennett Chan
St. Thomas, U.S.V.I.
 *For Argos USVI, Corp. f/k/a Caricement USVI, Corp.,*

## **ORDER**

**GÓMEZ, J.**

Before the Court is the Report and Recommendation of the Magistrate Judge recommending that the Court (1) deny the motion of Spartan Concrete Products, LLC, for leave to file an amended

complaint; and (2) deny the motion of Argo USVI, Corp. f/k/a/ Caricement USVI, Corp, for leave to file counterclaims.

## I. FACTUAL AND PROCEDURAL HISTORY

On January 23, 2015, Spartan Concrete Products, LLC, ("Spartan") filed a complaint against Argo USVI, Corp. f/k/a/ Caricement USVI, Corp, ("Argos"). Spartan's complaint consisted of a single count alleging that Argos engaged in discriminatory pricing in violation of 15 U.S.C. § 13(a). Spartan alleged that, from 2010 through 2013, Argos "was the sole wholesale distributor of cement on St. Thomas." *See* ECF No. 1 at ¶¶ 5-9. During this period, Spartan and Heavy Materials, LLC, ("Heavy Materials") were the primary purchasers of cement from Argos.

Spartan alleges that Argos provided a volume discount of approximately ten percent to Heavy Materials. Spartan requested equal pricing and Argos refused. Spartan claims that without a similar discount, it was unable to compete with Heavy Materials in St. Thomas. Thereafter, Spartan went out of business on St. Thomas.

On March 13, 2015, Argos answered Spartan's complaint. Argos denied Spartan's allegations and asserted several affirmative defenses. Argos brought no counterclaims against Spartan or crossclaims against any other party.

Subsequently, the parties made initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1). On April 16, 2015, Argos and Spartan appeared before the Magistrate Judge for an initial pretrial conference. At the conference, both parties acknowledged that discovery in this case would involve Heavy Materials, a third party, and as such, discovery could prove to be challenging. To that end, the parties suggested that it would be more efficient to conduct discovery in phases. The initial phase of discovery would be focused on narrowing the issues in dispute. The Magistrate agreed and ordered the parties to propound written discovery by May 30, 2015. The Magistrate further ordered that "[t]he initial written discovery and up to four depositions per party[] . . . be completed by October 1, 2015." ECF No. 22.

On June 1, 2015, Spartan served Argos with its first request for production of documents. On December 15, 2015, Argos filed a notice indicating that it had responded to that request on December 15, 2015.

On September 1, 2015, the parties appeared before the Magistrate for a status conference. At the conference, the parties indicated that they had "not completed the intended initial discovery due to scheduling problems and logistical difficulty in retrieving certain information." ECF No. 30. The

Magistrate ordered Argos to "propound written discovery no later than September 8, 2015," and to "respond to [Spartan]'s discovery requests no later than September 14, 2015." *Id.* The Magistrate further ordered that "[t]he written discovery and up to four depositions per party[] . . . be completed by December 15, 2015." *Id.*

On December 15, 2015, a status conference was held. At the conference, the Magistrate observed that the parties had "not moved the case along with dispatch" and had yet to comply with the Magistrate's September 1, 2015, order. *See* ECF No. 36. To help shepherd the discovery process, the Magistrate ordered the parties to "meet and confer on a schedule for the completion of all discovery in this matter and . . . submit a joint proposed schedule no later than January 21, 2016." *Id.*

The parties did not submit a proposed schedule by January 21, 2016. On January 25, 2016, another status conference was held. At the conference, the parties "report[ed] that there [were] some discovery issues in dispute and they h[ad] not completed even the initial discovery they proposed at their first conference." ECF No. 37. The Magistrate ordered the parties to submit their joint proposed schedule by February 1, 2016. The Magistrate further ordered the parties to "confer as to their outstanding discovery issues and . . . report in

writing to the Court regarding any remaining issues no later than February 4, 2016." *Id.*

On February 1, 2016, the parties submitted a joint proposed discovery plan. Among other things, the plan called for the parties to respond to discovery requests by February 26, 2016, and to complete remaining discovery and fact depositions by August 12, 2016. The parties did not indicate that there were any outstanding discovery issues.

On February 8, 2016, the Magistrate entered a trial management order. The order provided that (1) written discovery would be responded to by February 26, 2016; (2) fact discovery would be completed by August 12, 2016; (3) all discovery would be completed by February 1, 2017; (4) dispositive motions would be filed by April 1, 2017; and (5) trial would commence on July 17, 2017.

On June 7, 2016, Spartan filed a notice of its intention to depose Argos on June 28, 2016. On July 29, 2016, Spartan served Argos with its second request for production of documents. On August 29, 2016, Argos served Spartan with its objections and response to the second request for production.

On June 17, 2016, Argos filed a motion to compel Heavy Materials to comply with a subpoena Argos had served upon Heavy Materials on January 22, 2016. Heavy Materials opposed that

motion on July 8, 2016. On July 20, 2016, the Magistrate granted Argos's motion to compel in part.

On August 3, 2016, Argos filed a notice of its intention to depose Spartan on August 30, 2016. On September 2, 2016, Argos filed a notice of its intention to depose Heavy Materials on September 20, 2016.

On October 6, 2016, Spartan moved to amend its complaint. Spartan asserted that Argos's response to Spartan's second request for production and the discovery material provided by Heavy Materials produced several documents that "demonstrate[d] that [Argos] intentionally interfered with [Spartan]'s business relations and that Heavy Materials and [Argos] conspired to force [Spartan] out of the concrete business." *See* ECF No. 101 at 2. Accordingly, Spartan sought to add two counts against Argos to its complaint: (1) a count for intentional interference with business relations; and (2) a count for civil conspiracy. On February 4, 2017, Spartan filed a second motion to amend which included more detailed factual allegations supporting these two claims.

On November 17, 2016, Argos moved to amend its answer to Spartan's complaint. Argos asserted that deposition testimony given by Spartan on August 30, 2016, and by Heavy Materials on September 20, 2016, revealed "that Spartan conspired and agreed

with its primary competitor, Heavy Materials, to divide the ready-mix concrete market in the U.S. Virgin Islands." ECF No. 115 at 3. Accordingly, Argos sought to add a counterclaim against Spartan for violation of the Sherman Antitrust Act and the Virgin Islands Antimonopoly Law; and (2) what Argos labeled counterclaims against two individuals associated with Spartan who are not otherwise currently involved in this action.

On February 6, 2017, the Magistrate issued a report and recommendation on the parties' motions to amend their pleadings. The Magistrate found that neither proposed amendment was futile. The Magistrate further found there was no basis in the record to infer that either party acted with bad faith or with a dilatory motive in seeking to amend its pleading.

Nevertheless, the Magistrate found that both parties acted with undue delay in seeking to amend. The Magistrate observed "[t]his action was commenced in January 2015, and these amendments were not brought until more than one and one-half years thereafter, after the deadline for the completion of fact discovery." ECF No. 125 at 16. While both parties asserted that they were only able to amend their pleadings after the late discovery of information, "neither party exercised the level of diligence in pursuing discovery that would warrant the addition of claims--or counterclaims--at this late stage of the

proceedings." *Id.* at 17. Further, (1) both parties claimed they would be unfairly prejudiced by allowing the other party to amend its pleading; and (2) the Magistrate found that permitting such late-stage amendments would "place 'an unwarranted burden on the court' . . . in establishing and maintaining its schedule." *Id.* at 18 (quoting *Stanley v. St. Croix Basic Servs.*, 2008 U.S. Dist. LEXIS 107702, *4-5 (D.V.I. Mar. 4, 2008)). Considering the prejudice to the opposing parties, "the burden on the Court's ability to manage its caseload," and the "unjustified and undue delay" of the parties, the Magistrate concluded that the parties' amendments should not be permitted. *Id.* The Magistrate warned the parties that "[a]ny objections to th[e] Report and Recommendation must be filed in writing within 14 days of receipt of this notice" and that failure to do so would bar review. *Id.* at 19.

On February 21, 2017, Argos and Spartan filed objections to the Magistrate's Report and Recommendation. Spartan primarily argues that the late discovery of the factual basis for its additional claims was the result of Argos's dilatory responses to discovery requests. Argos first argues that its counterclaim is compulsory and that, in denying Argos leave to amend, the Magistrate gave this factor insufficient weight. Second, Argos argues that the Magistrate failed to consider the public's

interest in resolving private antitrust claims on the merits. Finally, Argos argues that Spartan will not suffer significant prejudice in having to engage in further discovery.

## II. DISCUSSION

Litigants may make "specific written objections" to a magistrate judge's report and recommendation "[w]ithin 14 days after being served with a copy of the recommended disposition." *See* Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1) ("Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court.").

When a party makes a timely objection, the district court "make[s] a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* When no objection to a magistrate's report and recommendation is made, or such an objection is untimely, the district court reviews the report and recommendation for plain error. *See Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) ("While . . . [28 U.S.C. § 636(b)(1)] may not require, in the absence of objections, the district court to review the magistrate's report before accepting it, we believe that the better practice is for the

district judge to afford some level of review to dispositive legal issues raised by the report."); *see also Tice v. Wilson*, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006) *aff'd*, 276 Fed. App'x 125 (3d Cir. 2008)(explaining that, by failing to object to a portion of a report and recommendation, the litigant "waived its right to have this Court conduct a *de novo* review," and that in those circumstances, "the scope of [the court's] review is far more limited and is conducted under the far more deferential standard of 'plain error'").

### III. ANALYSIS

Federal Rule of Civil Procedure 6 ("Rule 6") provides that, when computing time periods stated in days, "the day of the event that triggers the period" is excluded. Fed. R. Civ. P. 6(a)(1)(A). "[E]very day, including intermediate Saturdays, Sundays, and legal holidays," is included in the count. Fed. R. Civ. P. 6(a)(1)(B). Further, the last of the period is included in the count unless that day is a Saturday, Sunday, or legal holiday. Fed. R. Civ. P. 6(a)(1)(C).

Here, the Magistrate issued her Report and Recommendation on February 6, 2017, and the parties were served though ECF the same day. *See* LRCi 5.4(j) ("Electronic transmission of the Notice of Electronic Filing constitutes the notice required by

Federal Rule of Civil Procedure 77(d)."). Thus, the first day of the count was February 7, 2017. The fourteenth day of the count was February 20, 2017. February 20, 2017, was a Monday and not a legal holiday. As such, the parties were required to file their written objections on or before February 20, 2017. Both parties filed their objections late on February 21, 2017. Accordingly, the Court will review the Magistrate's Report and Recommendation for plain error.

To reject or modify a report and recommendation under plain error review, a district court must find "an 'error' that is 'plain' and that 'affects substantial rights.'" *United States v. Russell*, 134 F.3d 171, 181 (3d Cir. 1998) (quoting *United States v. Retos*, 25 F.3d 1220, 1228 (3d Cir. 1994)). "A 'plain' error is one that is 'clear' or 'obvious.'" *Gov't of Virgin Islands v. Lewis*, 620 F.3d 359, 364 (3d Cir. 2010) (quoting *United States v. Turcks*, 41 F.3d 893, 897 (3d Cir. 1994)).

Applying that standard, the Court cannot say that the Magistrate's recommendation that the Court deny the parties leave to amend their pleadings was plain error. Accordingly, the Court will adopt the Magistrate's Report and Recommendation.

The premises considered, it is hereby

**ORDERED** that the Report and Recommendation of the Magistrate Judge docketed at ECF Number 125 is **ADOPTED**; it is further

**ORDERED** that the motions of Spartan for leave to file an amended complaint docketed at ECF Numbers 101 and 124 are **DENIED;** and it is further

**ORDERED** that the motion of Argos to amend its answer docketed at ECF Number 115 is **DENIED.**

 

S\_____
    **Curtis V. Gómez**
    **District Judge**