```
                DISTRICT COURT OF THE VIRGIN ISLANDS
                  DIVISION OF ST. THOMAS AND ST. JOHN

                                   )
SPARTAN CONCRETE PRODUCTS, LLC,    )
                                   )
            Plaintiff,             )   Civ. No. 2015-4
                                   )
            v.                     )
                                   )
ARGOS USVI, CORP. f/k/a            )
CARICEMENT USVI, CORP.,            )
                                   )
            Defendant.             )
                                   )
                                   )
```

**Appearances:**

**Christopher Allen Kroblin**
**Marjorie B. Whalen**
Kellerhals Ferguson Kroblin PLLC
St. Thomas, U.S.V.I.
    *For Spartan Concrete Products, LLC,*

**Bennett Chan**
The Law Offices of Bennett Chan
St. Thomas, U.S.V.I.
    *For Argos USVI, Corp. f/k/a Caricement USVI, Corp.,*


<u>**ORDER**</u>

**GÓMEZ, J.**

Before the Court are the motions of Argos USVI, Corp. f/k/a/ Caricement USVI, Corp., and Spartan Concrete Products, LLC, for reconsideration of the Court's May 1, 2017, order.

## I.     FACTUAL AND PROCEDURAL HISTORY

On January 23, 2015, Spartan Concrete Products, LLC, ("Spartan") filed a complaint against Argos USVI, Corp. f/k/a/ Caricement USVI, Corp., ("Argos"). Spartan's complaint consisted of a single count alleging that Argos engaged in discriminatory pricing in violation of 15 U.S.C. § 13(a). Spartan alleged that, from 2010 through 2013, Argos "was the sole wholesale distributor of cement on St. Thomas." *See* ECF No. 1 at ¶¶ 5-9. During this period, Spartan and Heavy Materials, LLC, ("Heavy Materials") were the primary purchasers of cement from Argos.

Spartan alleges that Argos provided a volume discount of approximately ten percent to Heavy Materials. Spartan requested equal pricing and Argos refused. Spartan claims that without a similar discount, it was unable to compete with Heavy Materials in St. Thomas. Thereafter, Spartan went out of business on St. Thomas.

On March 13, 2015, Argos answered Spartan's complaint. Argos denied Spartan's allegations and asserted several affirmative defenses. Argos brought no counterclaims against Spartan or crossclaims against any other party.

Subsequently, the parties made initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1). On April 16, 2015, Argos and Spartan appeared before the Magistrate Judge for a

pretrial conference. At the conference, both parties acknowledged that discovery in this case would involve Heavy Materials, a third party, and that discovery could prove to be challenging. To that end, the parties suggested that it would be more efficient to conduct discovery in phases. The initial phase of discovery would be focused on narrowing the issues in dispute. The Magistrate agreed and ordered the parties to propound written discovery by May 30, 2015. The Magistrate further ordered that "[t]he initial written discovery and up to four depositions per party[] . . . be completed by October 1, 2015." ECF No. 22.

On June 1, 2015, Spartan served Argos with its first request for production of documents. On December 15, 2015, Argos filed a notice indicating that it had responded to that request on December 15, 2015.

On September 1, 2015, the parties appeared before the Magistrate for a status conference. At the conference, the parties indicated that they had "not completed the intended initial discovery due to scheduling problems and logistical difficulty in retrieving certain information." ECF No. 30. The Magistrate ordered Argos to "propound written discovery no later than September 8, 2015," and to "respond to [Spartan]'s discovery requests no later than September 14, 2015." *Id.* The

Magistrate further ordered that "[t]he written discovery and up to four depositions per party[] . . . be completed by December 15, 2015." *Id.*

On December 15, 2015, a status conference was held. At the conference, the Magistrate observed that the parties had "not moved the case along with dispatch" and had yet to comply with the Magistrate's September 1, 2015, order. *See* ECF No. 36. To help shepherd the discovery process, the Magistrate ordered the parties to "meet and confer on a schedule for the completion of all discovery in this matter and . . . submit a joint proposed schedule no later than January 21, 2016." *Id.*

The parties did not submit a proposed schedule by January 21, 2016. On January 25, 2016, another status conference was held. At the conference, the parties "report[ed] that there [were] some discovery issues in dispute and they h[ad] not completed even the initial discovery they proposed at their first conference." ECF No. 37. The Magistrate ordered the parties to submit their joint proposed schedule by February 1, 2016. The Magistrate further ordered the parties to "confer as to their outstanding discovery issues and . . . report in writing to the Court regarding any remaining issues no later than February 4, 2016." *Id.*

On February 1, 2016, the parties submitted a joint proposed discovery plan. Among other things, the plan called for the parties to respond to discovery requests by February 26, 2016, and to complete remaining discovery and fact depositions by August 12, 2016. The parties did not indicate that there were any outstanding discovery issues.

On February 8, 2016, the Magistrate entered a trial management order. The order provided that (1) written discovery would be responded to by February 26, 2016; (2) fact discovery would be completed by August 12, 2016; (3) all discovery would be completed by February 1, 2017; (4) dispositive motions would be filed by April 1, 2017; and (5) trial would commence on July 17, 2017.

On June 7, 2016, Spartan filed a notice of its intention to depose Argos on June 28, 2016. On July 29, 2016, Spartan served Argos with its second request for production of documents. On August 29, 2016, Argos served Spartan with its objections and response to the second request for production.

On June 17, 2016, Argos filed a motion to compel Heavy Materials to comply with a subpoena Argos had served upon Heavy Materials on January 22, 2016. Heavy Materials opposed that motion on July 8, 2016. On July 20, 2016, the Magistrate granted Argos's motion to compel in part.

*Spartan Concrete Products, LLC v. Argos USVI, Corp. f/k/a Caricement USVI, Corp.*
Civ. No. 2015-4
Order
Page 6

On August 3, 2016, Argos filed a notice of its intention to depose Spartan on August 30, 2016. On September 2, 2016, Argos filed a notice of its intention to depose Heavy Materials on September 20, 2016.

On October 6, 2016, Spartan moved to amend its complaint. Spartan asserted that Argos's response to Spartan's second request for production and the discovery material provided by Heavy Materials produced several documents that "demonstrate[d] that [Argos] intentionally interfered with [Spartan]'s business relations and that Heavy Materials and [Argos] conspired to force [Spartan] out of the concrete business." *See* ECF No. 101 at 2. Accordingly, Spartan sought to add two counts against Argos to its complaint: (1) a count for intentional interference with business relations; and (2) a count for civil conspiracy. On February 4, 2017, Spartan filed a second motion to amend which included more detailed factual allegations supporting these two claims.

On November 17, 2016, Argos moved to amend its answer to Spartan's complaint. Argos asserted that deposition testimony given by Spartan on August 30, 2016, and by Heavy Materials on September 20, 2016, revealed "that Spartan conspired and agreed with its primary competitor, Heavy Materials, to divide the ready-mix concrete market in the U.S. Virgin Islands." ECF No.

115 at 3. Accordingly, Argos sought to add (1) a counterclaim against Spartan for violation of the Sherman Antitrust Act and the Virgin Islands Antimonopoly Law; and (2) counterclaims against two individuals associated with Spartan who are not otherwise currently involved in this action.

On February 6, 2017, the Magistrate issued a report and recommendation on the parties' motions to amend their pleadings. The Magistrate found that neither proposed amendment was futile. The Magistrate further found there was no basis in the record to infer that either party acted with bad faith or with a dilatory motive in seeking to amend its pleading.

Nevertheless, the Magistrate found that both parties acted with undue delay in seeking to amend. The Magistrate observed "[t]his action was commenced in January 2015, and these amendments were not brought until more than one and one-half years thereafter, after the deadline for the completion of fact discovery." ECF No. 125 at 16. While both parties asserted that they were only able to amend their pleadings after the late discovery of information, "neither party exercised the level of diligence in pursuing discovery that would warrant the addition of claims--or counterclaims--at this late stage of the proceedings." *Id.* at 17. Further, (1) both parties claimed they would be unfairly prejudiced by allowing the other party to

amend its pleading; and (2) the Magistrate found that permitting such late-stage amendments would "place 'an unwarranted burden on the court' . . . in establishing and maintaining its schedule." *Id.* at 18 (quoting *Stanley v. St. Croix Basic Servs.*, 2008 U.S. Dist. LEXIS 107702, *4-5 (D.V.I. Mar. 4, 2008)). Considering the prejudice to the opposing parties, "the burden on the Court's ability to manage its caseload," and the "unjustified and undue delay" of the parties, the Magistrate concluded that the parties' amendments should not be permitted. *Id.*

On February 21, 2017, Argos and Spartan filed objections to the Magistrate's Report and Recommendation. Spartan primarily argued that the late discovery of the factual basis for its additional claims was the result of Argos's dilatory responses to discovery requests. Argos first argued that (1) its counterclaim is compulsory and that, in denying Argos leave to amend, the Magistrate gave this factor insufficient weight; (2) that the Magistrate failed to consider the public's interest in resolving private antitrust claims on the merits; and (3) that Spartan will not suffer significant prejudice in having to engage in further discovery.

On May 1, 2017, the Court adopted the Magistrate's Report and Recommendation. The Court explained that "[l]itigants may

make 'specific written objections' to a magistrate judge's report and recommendation 'within 14 days after being served with a copy of the recommended disposition.'" ECF No. 147 at 9 (alterations omitted) (quoting Fed. R. Civ. P. 72(b)(2)). The Court observed that the Magistrate issued her Report and Recommendation on February 6, 2017, and that the fourteenth day of the count was February 20, 2017. Because the parties filed their objections on February 21, 2017, the Court reviewed the Magistrate's Report and Recommendation for clear error. In its review, the Court found no plain error. Accordingly, the Court adopted the Magistrate's Report and Recommendation and denied Argos and Spartan leave to amend their pleadings.

On May 2, 2017, Argos filed a motion for reconsideration of the Court's May 1, 2017, order. On May 17, 2017, Spartan also filed a motion for reconsideration of the Court's May 1, 2017, order. Argos and Spartan assert that the parties' objections to the Report and Recommendation were due on or before February 21, 2017, and were therefore timely. As such, the parties argue that the Court should have reviewed the Report and Recommendation de novo.

**II. DISCUSSION**

Local Rule of Civil Procedure 7.3 permits motions for reconsideration only when there is (1) an intervening change in controlling law; (2) new evidence available; or (3) a need to correct clear error or prevent manifest injustice. LRCi 7.3; *see also Max's Seafood Café by Lou-Ann, Inc. v. Quinteros,* 176 F.3d 669, 677 (3d Cir.1999) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.,* 52 F.3d 1194, 1218 (3d Cir.1995)). A motion for reconsideration "shall be filed within fourteen (14) days after entry of the order or decision unless the time is extended by the Court." LRCi 7.3.

The purpose of a motion for reconsideration "is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir.1985). "Such motions are not substitutes for appeals, and are not to be used 'as a vehicle for registering disagreement with the court's initial decision, for rearguing matters already addressed by the court, or for raising arguments that could have been raised before but were not.'" *Cabrita Point Dev., Inc. v. Evans*, 52 V.I. 968, 975 (D.V.I. 2009) (quoting *Bostic v. AT & T of the V.I.*, 312 F. Supp. 2d 731, 733 (D.V.I. 2004)).

In the context of a motion to reconsider, "manifest injustice 'generally means that the Court overlooked some

dispositive factual or legal matter that was presented to it.'" *Id.* (quoting *In re Rose*, No. 06-1818(JLP), 2007 U.S. Dist. LEXIS 64622, at *3 (D.N.J. Aug. 30, 2007)). Manifest injustice has also been defined as "'an error in the trial court that is direct, obvious, and observable.'" *Tenn. Prot. & Advocacy, Inc. v. Wells*, 371 F.2d 342, 348 (6th Cir. 2004) (quoting Black's Law Dictionary 974 (7th ed. 1999)). "[M]ost cases . . . use the term 'manifest injustice' to describe the result of plain error." *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1425 (5th Cir. 1996).

### III. ANALYSIS

#### A. Appropriate Standard of Review

Litigants may make "specific written objections" to a magistrate judge's report and recommendation "[w]ithin 14 days after being served with a copy of the recommended disposition." *See* Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1) ("Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court.").

When a party makes a timely objection, the district court "make[s] a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* When no objection to a magistrate's

report and recommendation is made, or such an objection is untimely, the district court reviews the report and recommendation for plain error. *See Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) ("While . . . [28 U.S.C. § 636(b)(1)] may not require, in the absence of objections, the district court to review the magistrate's report before accepting it, we believe that the better practice is for the district judge to afford some level of review to dispositive legal issues raised by the report."); *see also Tice v. Wilson*, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006) *aff'd*, 276 Fed. App'x 125 (3d Cir. 2008)(explaining that, by failing to object to a portion of a report and recommendation, the litigant "waived its right to have this Court conduct a *de novo* review," and that in those circumstances, "the scope of [the court's] review is far more limited and is conducted under the far more deferential standard of 'plain error'").

Federal Rule of Civil Procedure 6 ("Rule 6") provides that, when computing time periods stated in days, "the day of the event that triggers the period" is excluded. Fed. R. Civ. P. 6(a)(1)(A). "[E]very day, including intermediate Saturdays, Sundays, and legal holidays," is included in the count. Fed. R. Civ. P. 6(a)(1)(B). Generally, the last of the period is included in the count. Fed. R. Civ. P. 6(a)(1)(C). However, "if

the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." *Id.* Rule 6(a)(6) explains that, among others, Washington's Birthday is a "legal holiday." Fed. R. Civ. P. 6(a)(6)

Here, the Magistrate issued her Report and Recommendation on February 6, 2017, and the parties were served though ECF the same day. *See* LRCi 5.4(j) ("Electronic transmission of the Notice of Electronic Filing constitutes the notice required by Federal Rule of Civil Procedure 77(d)."). Thus, the first day of the count was February 7, 2017. The fourteenth day of the count was February 20, 2017. February 20, 2017, was Washington's Birthday. The next day, February 21, 2017, was a Tuesday and not a legal holiday. Accordingly, the parties were required to file their written objections on or before February 21, 2017.

Both parties filed their objections on February 21, 2017. The Court previously held that the parties submitted their objections late and declined to make a *de novo* determination of the Report and Recommendation. The objections, however, were timely filed. Accordingly, the Court will vacate its May 1, 2017, order and conduct a *de novo* review of the Magistrate's Report and Recommendation.

### B. De Novo Review of the Magistrate's Report and Recommendation

Federal Rule of Civil Procedure 15 ("Rule 15") provides for a limited timeframe within which parties may amend their pleadings "as a matter of course." Fed. R. Civ. P. 15(a)(1). When this period expires, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Nevertheless, "[t]he court should freely give leave when justice so requires." *Id.*

Although "the grant or denial of an opportunity to amend is within the discretion of the District Court, . . . outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of that discretion." *Foman v. Davis*, 371 U.S. 178, 182 (1962). The court may deny a request for leave to amend "if it is apparent from the record that (1) the moving party has demonstrated undue delay, bad faith or dilatory motives, (2) the amendment would be futile, or (3) the amendment would prejudice the other party." *Hill v. City of Scranton*, 411 F.3d 118, 134 (3d Cir. 2005); *see also Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000) ("Among the grounds that could justify a denial of leave to amend are undue delay, bad faith, dilatory motive, prejudice, and futility." (internal quotation marks omitted)).

"Prejudice to the non-moving party is the touchstone for the denial of an amendment." *Lorenz v. CSX Corp.*, 1 F.3d 1406, 1413-14 (3d Cir. 1993). Prejudice must be substantial or undue to justify denying leave to amend. *Id.* To be unduly prejudicial, the proposed amendment must "unfairly disadvantage[]" the non-movant. *Bechtel v. Robinson*, 886 F.2d 644, 654 (3d Cir. 1989) (quotation marks and citations omitted). "In the absence of substantial or undue prejudice to the nonmoving party[,] . . . denial instead must be based on bad faith or dilatory motives, truly undue or unexplained delay, [or] repeated failures to cure the deficiency by amendments previously allowed . . . ." *USX Corp. v. Barnhart*, 395 F.3d 161, 166 (3d Cir. 2004) (citations and internal quotation marks omitted).

Argos argues that its counterclaim is compulsory. Because Argos would be barred from bringing this claim in a subsequent suit, Argos argues that it would unfairly prejudiced by a denial of leave to amend its answer. This is not an insignificant consideration. Indeed, "[t]he argument for allowing amendment is especially compelling when . . . the omitted counterclaim is compulsory." *Spartan Grain & Mill Co. v. Ayers*, 517 F.2d 214, 220 (5th Cir. 1975); *see also Costello, Porter, Hill, Heisterkamp & Bushnell v. Providers Fid. Life Ins. Co.*, 958 F.2d 836, 839 (8th Cir. 1992) ("The rules of amendment contemplated

by rule 15(a) should apply here, where the claim to be added by amendment is likely a compulsory counterclaim and denial of amendment would work an injustice.").

Federal Rule of Civil Procedure 13 provides that "[a] pleading shall state as a counterclaim any claim that--*at the time of its service*--the pleader has against an opposing party if the claim . . . arises out of the transaction or occurrence that is the subject matter of the opposing party's claim." Fed. R. Civ. P. 13(a) (emphasis added). Thus, "an element" of a compulsory counterclaim is "maturity" of that claim at the time a pleading is served. *In re Kaiser Grp. Int'l Inc.*, 399 F.3d 558, 568 (3d Cir. 2005). Accordingly, a "party need not assert a counterclaim that has not matured at the time he serves his pleading." *N.Y. Life Ins. Co. v. Deshotel*, 142 F.3d 873, 879 (5th Cir. 1998); *see also Tommy Hilfiger Licensing, Inc. v. Bradlees, Inc.*, No. 99 CIV 4677(WK), 2001 WL 1702151, at *5 (S.D.N.Y. Jan. 11, 2002) (collecting cases). For the purposes of Rule 13(a), a claim is not mature if the party was unaware of the factual basis for that claim when the pleading was served. *See Allan Block Corp. v. Cnty. Materials Corp.*, 512 F.3d 912, 920 (7th Cir. 2008) ("For rather obvious reasons, Rule 13(a) does not require the defendant to file as a compulsory counterclaim a claim that hasn't accrued yet, either because it

has not yet come into being or, though it has, the plaintiff could not have discovered it.").

Here, Argos served its answer on March 13, 2015. Argos only discovered the factual basis of its counterclaim after the August 30, 2016, deposition of Spartan and the September 20, 2016, deposition of Heavy Materials. Accordingly, Argos's counterclaim is not compulsory.

With respect to the Magistrate's findings that the parties' delay would prejudice one another and place an undue burden on the Court, the Court agrees with the Report and Recommendation. The parties simply did not conduct discovery with such diligence as would justify that prejudice and burden at this stage of these proceedings.

The Court appreciates the efforts taken by the parties to resolve their discovery disputes amongst themselves. Nevertheless, litigants must strike an appropriate balance between self-help and court involvement. Ineffectually attempting to resolve disputes without court involvement for over a year while failing to comply with five of the Magistrate's discovery orders is not an appropriate balance.

The premises considered, it is hereby

**ORDERED** that the motions for reconsideration docketed at ECF Numbers 149 and 153 are **GRANTED** in part; it is further

**ORDERED** that the order docketed at ECF Number 147 adopting the Report and Recommendation is **VACATED**; it is further

**ORDERED** that the Report and Recommendation of the Magistrate Judge docketed at ECF Number 125 is **ADOPTED**; it is further

**ORDERED** that the motions of Spartan for leave to file an amended complaint docketed at ECF Numbers 101 and 124 are **DENIED**; and it is further

**ORDERED** that the motion of Argos to amend its answer docketed at ECF Number 115 is **DENIED.**

S\_____
**Curtis V. Gómez**
**District Judge**